No. 1277.  **Charles** *v.* **Jacobs.**    April Term, 1882.  Money was, in the hands of the sheriff, realized from the sale of lands of C., under an execution of A., as administrator of B., against the executrix of C.   D. held an execution against A., as administrator of B., and, claiming this money, took out a rule against the sheriff, entitled *A., as administrator of B.,* v. *Executrix of C.,* requiring him to show cause why he did not apply this money to D.'s execution.    The sheriff made return that the money was claimed by A., as administrator of B., as applicable to expenses

of his administration, including counsel fees. Judge Kershaw decided that the money was applicable to expenses of the administration and to such counsel fee as should be allowed by the Probate Court, and discharged the rule. The Probate judge made report of a proper counsel fee, and added that the estate of B. had not been finally settled, and that there were other costs and expenses of administration unpaid. On hearing this report, which was entitled *D.* v. *A., as administrator of B.*, Judge Fraser, not knowing of Judge Kershaw's order, directed the counsel fee to be paid and the balance paid to D. *Held*, that Judge Fraser's order was in part inconsistent with Judge Kershaw's, and, therefore, to that extent, erroneous, one Circuit judge having no power to reverse a judgment of another Circuit judge. *Held, further*, that Judge Kershaw's order was right : money received by a sheriff on an execution in favor of an administrator, not being applicable to an execution in the office upon a judgment obtained against the administrator after the death of intestate, especially where prior claims against the estate remain unpaid. This case, therefore, differs from *Haynsworth* v. *Frierson*, 11 *Rich.* 476. Appeal sustained. OPINION by MR. JUSTICE McIVER, October 7th, 1882. *G. G. Wells, T. H. Cooke*, for appellant. *W. E. Earle*, contra.